UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIFFANY PACHECO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONSUMER LAW RELIEF, LLC d/b/a<br>HELBING LAW GROUP, LLC,<br><br>　　　　Defendant. | Case No. 4:23-cv-01022 |

## DEMAND FOR ARBITRATION

**NOW COMES** TIFFANY PACHECO ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of HELBING LAW GROUP, LLC ("HLG" and "Defendant") as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action seeking redress pursuant to the Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. §1679 *et seq*., and the New York Credit Services Business statute, pursuant to N.Y. Gen Bus. 28-BB §458 *et seq*., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.　Supplemental Jurisdiction exists over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1-2) because Defendant is domiciled in Houston, Texas, Defendant conducts business in the Southern District of Texas, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Queens, New York City, New York.

5. Defendant is a credit repair organization that negotiates consumer debts, provides consumers with legal and non-legal services designed to resolve their debt issues and improve their credit history, including representing and defending clients in court in any lawsuit, arbitrations or other proceedings filed against the consumer. Defendant's principal place of business is located at 12333 Sowden Rd. Suite B, #79507, Houston, Texas 77080.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. In June 2021, Plaintiff had a number of debts which were impacting her credit, prompting her to begin looking for companies who may be able to assist her in improving her credit and resolving her obligations.

8. Later that month, Plaintiff found Defendant due to its representations that it could help consumers resolve their obligations by negotiating with creditors to reduce her outstanding debts and to remove creditors from her consumer credit reports.

9. Plaintiff spoke with Defendant who again advised that Defendant would be able to resolve her obligations by negotiating with creditors to reduce her outstanding debts and to remover creditors from her consumer credit reports, and that in order to do so, Plaintiff would need to make monthly payments over a certain period of time, which would go towards Defendant resolving her obligations.

10. Additionally, per the retainer agreement between Plaintiff and Defendant, Defendant would provide legal counsel in regards to all of Plaintiff's debts and would represent Plaintiff in the event any lawsuit or other legal proceedings were filed against Plaintiff.

11. Specifically, Defendant promised that within 1 year of its services, Defendant will settle all of her enrolled debts, to handle all court adjudications regarding those debts, and her credit score will see a substantial increase within 3 to 6 months from the date she retained Defendant. Again, Plaintiff detrimentally relied on Defendant's promises.

12. Plaintiff explained the debts she wanted addressed, and Defendant advised that it would be able to resolve her enrolled debts for monthly payments of $491.73 that would be used to negotiate her debts and improve her creditworthiness. Plaintiff detrimentally relied on Defendant's promises.

13. On June 10, 2021, based on this information, Plaintiff entered into a contract with Defendant for its provision of credit repair and debt management services.

14. Plaintiff proceeded to make her monthly payments to Defendant.

15. Defendant told Plaintiff that it would handle her listed debts and negotiate with her creditors to negotiate a settlement on her behalf.

16. Despite telling Plaintiff it would negotiate with Plaintiff's creditors, Plaintiff received a letter in the mail from a debt collector who purchased a debt from American Express, Plaintiff's creditor.

17. Defendant failed to handle Plaintiff's American Express account as it was sent to collections and bought by a debt collector on December 9, 2021.

18. Plaintiff then attempted to contact Defendant regarding the American Express account being sent to a debt collector. Defendant continued to assure Plaintiff that her accounts were being handled and that it was in contact with her creditors to negotiate a settlement.

19. On January 4, 2023, Plaintiff settled her American Express account directly with the debt collector without any intervention by Defendant, who previously promised Plaintiff it would settle this debt.

20. After many months of making payments, Plaintiff had none of her enrolled debts reduced, or seemingly even negotiated by Defendant, despite there being ample funds from which such negotiations and resolutions should have been reached.

21. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, payments made to Defendant in violation of federal law, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations and debt management companies.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

23. Plaintiffs repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

25. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

26. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that successfully completing Defendant's program would, ultimately, result in all of her debts being paid off, and that any lawsuit against her would be represented by Defendant. Additionally, Defendant conveyed to Plaintiff that her overall creditworthiness would improve in 3 to 6 months after signing up.

    a.    **Violations of CROA § 1679b(a)**

27. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

28. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Despite Plaintiff having made sufficient funds for Defendant to begin negotiating her obligations, and despite such resolution offers being readily available, Defendant failed to engage in any of the services it represented it would perform for Plaintiff, instead deceiving Plaintiff for her monthly payments without providing any of the services it represented it would perform.

  **b. Violation of CROA § 1679b(b)**

29. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

30. Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Defendant has maintained Plaintiff's bi-weekly payments, and failed to return the same, despite Defendant having failed to perform any of the services that would justify Defendant's retention of Plaintiff's monthly payments.

  **c. Violation of CROA § 1679c**

31. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

32. Defendant violated § 1679c through its complete failure to provide Plaintiff a copy of the required disclosures.

    **d.**    **Violation of CROA §§ 1679d(4) & 1679e**

33.    The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

34.    Defendant violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract, as well as its failure to provide the full notice of cancellation to Plaintiff outlining that Plaintiff may cancel prior to the third business day.

**WHEREFORE**, Plaintiff, TIFFANY PACHECO, respectfully requests that the Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c.    Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

  e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF N.Y. GEN. BUS. LAW §§ 458-H ET SEQ.

  35.  Claimant restates and realleges paragraphs 1 through 34 as though fully set forth herein.

  36.  N.Y. Gen. Bus. Law § 458(h)(1) states that it is hereby declared to be an unfair and deceptive to "Misrepresent directly or indirectly in its advertising, promotional materials, sales presentation, or in any manner: the nature of the services to be performed; the time within which services will be performed; the ability to improve a consumer's credit report or credit rating; the amount or type of credit a consumer can expect to receive as a result of the performance of the services offered; the qualifications, training or experience of its personnel."

  37.  Defendant violated N.Y. Gen. Bus. Law § 458(h)(1) through its misrepresentations and deception as to the nature of the credit repair services and debt settlement services it could provide Plaintiff. Despite Plaintiff having made sufficient funds for Defendant to begin negotiating her obligations, and despite such resolution offers being readily available, Defendant failed to engage in any of the services it represented it would perform for Plaintiff, instead deceiving Plaintiff for her monthly payments without providing any of the services it represented it would perform.

  38.  As alleged above, Defendant's conduct has caused Plaintiff significant damages.

  39.  Pursuant to N.Y. Gen. Bus. Law § 458(I), Plaintiff is entitled to damages not to exceed three times the actual damages, but in no case less than the amount paid by Plaintiff to Defendant, including reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, TIFFANY PACHECO, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under N.Y. Gen. Bus. Law § 458(I);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under N.Y. Gen. Bus. Law § 458(I); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 20, 2023

Respectfully submitted,

*s/ Marwan R. Daher*
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mdaher@sulaimanlaw.com