# EXHIBIT A

# Helbing Law

# Group, LLC.

12333 Sowden Rd, Ste. B, #79507

Houston, TX 77080-2059

800-413-5011

06/10/2021

## **Retainer Agreement**

**1.**      **Parties:**   This Agreement is entered between   Helbing Law Group, LLC. ("HLG")   and   Tiffany Pacheco                                                                (individually   and collectively, "Client", "your" and/or "your").

**2.**      **Scope of HLG's Representation of Client:** HLG will: (A) negotiate Client's debts which are listed on Exhibit A to this Agreement ("Client('s) Debts"), (B) provide Client with legal counsel as to all Client Debts, and (C) represent and defend Client in court in any lawsuits, arbitrations or other proceedings filed against Client by any and all creditors and/or third parties that own and/or have the right to file suit to collect the Client's Debts, subject to the limitations listed below.  The terms and scope of HLG's representation of Client are more fully described in paragraph 7 below.

**3.**      **Client Obligations, Authorizations and Assistance:**

A.      Client will, at the earliest possible date, provide HLG the most recent billing statement received by Client for each debt listed on Exhibit A.  Exhibit A to this Agreement identifies, for all of Client's Debts, the respective creditor and amount owed to each creditor. HLG shall review and, as necessary, update Exhibit A to reflect the amount due each creditor as of the time this Agreement is fully executed.  HLG will promptly provide Client with the updated Exhibit A, which shall supersede the Exhibit A originally attached to this Agreement at the time of execution of the Agreement, and shall be incorporated with and become a part of this Agreement.  Exhibit A is the full and complete list of all debts for which HLG shall provide Client with legal representation as set forth in this Agreement.

If Client does not have the current statement for a creditor(s), HLG will request the statement from the creditor(s), and the balance shown on such statement shall be incorporated in Exhibit A. If Client disputes the balance on such statement, and remains unable to obtain another copy of the statement, Client may direct HLG to not represent HLG in connection with the creditor(s) at issue.

B.      Client will deposit funds in The Trust Account of HLG, as set forth in paragraph 4 below, for the purpose of (a) creating a Settlement Payment Fund, in which the client fully owns and controls the funds, from which Client may direct HLG to pay money to settle Client Debts and (b) paying attorney's fees to HLG.

C.      Client authorizes HLG to accept on Client's behalf any offers to settle any or all of Client's Debts if such amount is 40% or less of the amount of the individual debt owed by Client and as listed on Exhibit A. HLG shall not settle on Client's behalf any of Client's Debts without Client's express permission if such settlement is in excess of 40% of the amount of any individual debt owed by Client and as listed on Exhibit A.

D.      Client agrees to fully cooperate in the defense and preparation of any and all litigation matters in which HLG represents the Client. This includes, but is not limited to, appearing on reasonable notice for all conferences, depositions, appointments, trials and other court appearances, and complying with HLG's requests for documents, information and other assistance necessary to properly represent Client.

E.      The Client agrees to cooperate with HLG with respect to its representation of Client and to immediately inform HLG of any changes of address, phone number, contact person and/or similar information. The Client understands that full disclosure to HLG and continuous communication with HLG is essential to enable HLG to properly represent the Client. If the Client does not do so, or if Client does not respond to HLG attempts to contact Client within a reasonable period of time, HLG shall have the right to withdraw from further representation of the Client.

Client has the right to terminate this Agreement at any time for any reason. HLG has the same right, and under certain circumstances, HLG may be required, to terminate representation of the Client, upon reasonable notice to the Client. Among the reasons for which we may terminate are: (i) nonpayment of HLG's fees after the Client has been given reasonable warning that HLG intends to withdraw unless HLG is paid, (ii) the Client's breach or failure to comply with the terms of HLG's engagement, (iii) the Client's failure or refusal to be forthright, cooperative or supportive of HLG's efforts, (iv) the Client's misrepresentation of, or failure or refusal to disclose facts or documents to HLG which are necessary for, or relevant to, HLG's representation of Client, (v) the Client's refusal to accept HLG's advice, (vi) the Client's persistence in pursuing, or having us pursue, an objective which HLG considers to be criminal, fraudulent, actionable, repugnant, or imprudent, (vii) discovery of a conflict with another Client

of HLG, and/or (viii) any other reason permitted, or required, under the rules of professional conduct which govern the legal profession. Upon termination of the engagement, either by HLG or by the Client, the Client, at HLG's request, must sign all papers and documents which HLG believes necessary for HLG to accomplish our withdrawal from the representation.

4.      **Payments:** Client agrees to deposit in The 3rd Party Dedicated account of HLG the following amounts (CHECK THE BOX FOR EACH OPTION THAT APPLIES TO YOU):

A.              $ 491.73    upon execution of this Agreement.

B. Monthly     $ 491.73    on the  25  day of each month, commencing on  06/25/2021  and concluding on   05/25/2023 , for a total of   24  payments.

C. Bi-Monthly $_____ on the _____ and_____ day of each month, commencing on _____ and concluding on _____, for a total of ____ payments.

Client may, but is not required, to make any or all of the payment listed above in advance of their due dates.

D.      In the event that this Agreement is cancelled or terminated by HLG or Client for any reason prior to the date the last payment is due pursuant to this paragraph 4, Client's obligation to make further payments shall cease as of the date of cancellation or termination.

5.      **Division of Payments;**
        **Client's Settlement Payment Fund, Attorney's Fees and Costs:**

A.      100% of the payments made during the first two months of HLG's representation of Client, and  60% of payments from   08/25/2021   through and including   09/25/2022  , made pursuant to Paragraph 4 above are for Client's payment to HLG for attorney's fees incurred during the first two months of HLG's representation of Client. Client authorizes HLG to transfer such funds upon receipt to HLG's operating account for the payment of HLG's attorney's fees under this Agreement.   The balance of the payments   08/25/2021   through and including   05/25/2023 , and 100% of all subsequent payments, shall fund Client's Settlement Payment Fund.

B.      Client understands and acknowledges that the Division of Payments described above will result in a total payment by client of (i) $ 7,071.13    for the Client's Settlement Payment Fund and (ii) $ 4,911.18    for HLG's attorney's fees, for a total of $ 11,982.31   .

C.      If HLG incurs any fees charged by clerks of courts for filing motions, pleadings or other papers on behalf of Client, or for deposition or hearing transcripts, in connection with any litigation matter ("Costs"), HLG will deduct such Bank Fees and Costs from Client's Settlement Payment Fund.

D.      It is understood that Client remains fully responsible for all court costs and other out-of-pocket expenses incurred by HLG in the investigation and defense of any claim.  Costs shall include, but not be limited to, expenditures for filing fees, subpoenas, depositions, witness fees, investigation, expert witnesses, reports, travel, parking, and all costs necessary for proper performance of legal services. Client is solely responsible for the payment of all Bank Fees and Costs, none of which are included in the payments due by Client to HLG for attorney's fees or

for Client's Settlement Payment Fund. All Bank Fees and Costs, as described paragraph 5(D) herein, incurred in connection with HLG's representation of Client are in addition to any amounts due under paragraph 4 of this Agreement.

E.       It is further understood that should Client either: (1) have a pending lawsuit when they become a client with HLG; or (2) is sued within thirty (30) days after they become a client with HLG; that the Client shall make a one-time payment of an additional $550.00 to HLG, per law suit, to cover the costs of representation in these lawsuits.

**6.       Additional Payments, Refunds and Cancellation:**

A.       **Additional Payments**:  Client understands and acknowledges that HLG may be unable to settle all of Client's Debts for an amount that is equal to or less than the total amount of Client's Settlement Payment Fund. In such event, Client may be required to deposit additional funds in Client's Settlement Payment Fund to settle Client's Debts.

If Client deposits additional funds in Client's Settlement Payment Fund to settle Client's Debts, whether because such Fund does not hold enough money to pay the respective Client Debt or because the respective creditor will not accept a settlement that is equal to or less than 40% of the Debt, Client will not be required to pay HLG any additional attorney's fees.

B.       **Refunds**:  If HLG is able to obtain for Client agreements that result in the settlement of all of Client's Debts for an amount that is less than the total amount of Client's Settlement Payment Fund, HLG will return to Client the balance of any monies in Client's Settlement Payment Fund. However, this will not reduce, or result in a refund of, any attorney's fees paid by or due from Client.

Similarly, if HLG obtains for Client agreements that result in the settlement all of Client's Debts prior Client's payments of all attorney's fees due under this Agreement, Client (1) shall remain obligated to all attorney's fees due to HLG and (2)authorizes HLG to add to any installment payments that Client pays to HLG for purposes of paying Client's Debts such amounts necessary to also pay in full all attorney's fees due under this Agreement.

C.       **Cancellation**:  Client may at any time (a) instruct HLG to not settle any and/or all of Client's Debts and (b) cancel this Agreement. If Client cancels this Agreement, HLG will promptly return to Client all of the monies held in HLG's Trust Account for Client's Settlement Payment Fund.

Further, if Client cancels this Agreement at any time within 10days of Client's first payment under this Agreement, HLG will return 100% of the attorney's fees paid by Client to HLG.

7. **Term and Scope of Representation:**

A.      **Term:** HLG shall represent Client pursuant to the terms, condition, and scope of representation, (1) throughout the period of payments required by paragraph 4 above, and (2) through the conclusion of all litigation related to Client's Debt as described in this Agreement. For purposes of clarity, this means that HLG will represent Client through and to the completion of all matters in paragraphs 7(A)(1)-(2).

B.      **Scope:** HLG's representation of Client includes, and is limited to, the matters set forth below:

1.      Counseling Concerning Negotiation and Settlement of Debts: HLG will provide legal counsel to Client throughout the Term concerning Client's Debts.

2.      Negotiation and Settlement of Debts:  HLG will use its best efforts to negotiate, document and administer the pre-litigation resolution of Client's Debts listed on Exhibit A.

3.      Eligible Debts:  Only the unsecured consumer debts (i.e. debts incurred for personal, household or family purposes, not business) listed on Exhibit A and approved by HLG are included in this Agreement. HLG may at its sole discretion allow other types of debt to be entered on Exhibit A. In the event that a debt listed on Exhibit A is ineligible for any reason, HLG may remove that debt and will promptly inform the Client and provide the updated Exhibit A, which shall supersede all prior versions of the Exhibit A to this Agreement.

4.      Litigation: If HLG is unable to settle a debt of Client for 40% of the amount of the debt or such amount that is acceptable to Client, and if such creditor or other entity representing the creditor files a lawsuit against Client, HLG will defend Client in such litigation and, where appropriate, file counterclaims against the creditor on behalf of Client.

5.      General Counseling: In addition to the above, HLG also will provide Client with an initial consultation on all legal matters outside the scope of paragraphs 7(B)(1)-(3), and HLG will provide Client with legal advice during such consultation if the matter is within HLG's areas of practice. Following the initial consultation, and if the Client desires legal counsel for such matter, Client may choose to enter a separate retainer agreement with HLG or, if the matter is outside of HLG's practice areas, HLG will use its best efforts to refer Client to another law firm that may assist Client.

C.      HLG will use its best efforts to negotiate a pre-litigation resolution of Client's Debts.  However, some creditors may refuse to negotiate a discount on the amount of Client's Debt, or may refuse to negotiate a discount that is acceptable to Client.

D.     HLG does not guarantee that any or all creditors will agree to a settlement that is acceptable to Client.

E.     HLG cannot stop your creditors from reporting you to consumer reporting and credit agencies as a result of as late, delinquent, charged-off or past due balances. This may, and very likely will occur, and very likely will have an adverse effect on your credit report and credit score.

F.     Your creditors may continue collection efforts on delinquent accounts. Such collection efforts can include phone calls and letters to you, charging off the account, sending accounts to collection agencies or attorneys, lawsuits and even garnishments of your wages if a judgment has been obtained.   If you are contacted by letter, email, fax, phone or any other written communication by an attorney and/or law firm that represents a creditor, please contact HLG immediately.

G.     Your account balance may continue to grow as your creditor adds accrued interest, late fees, over-limit fees and penalties, and attorney's fees and costs if the creditor obtains a judgment against you in litigation. If negotiations are unsuccessful, you could be called upon to pay the entire balance.

H.     When your creditor settles a debt, a savings of $600 or more off what you owed may be reported by your creditor to the IRS as Discharge of Indebtedness income. Under IRS rules, you may be able to exclude this Discharge of Indebtedness income by using IRS Form 982.However, we are not tax attorneys or accountants. Please consult with your tax consultant about such issues.

I.     As detailed above, the scope of representation provided by HLG is limited to those services expressly described in this Agreement. In the event Client chooses to file bankruptcy, or desires any other legal services, HLG may provide such services under a separate agreement or may choose to offer Client a referral to another law firm or accountant.

J.     HLG will not use the money deposited in the HLG 3rd Party Dedicated account, in which Client's Settlement Payment Fund shall be held, to pay any bills or other obligations of Client. Such funds shall be used only and exclusively to settle Client's Debts, to the extent listed on Exhibit A of this Agreement, and only then with the express permission of Client as provided in this Agreement.

K.     HLG does not guarantee results, the percentage of Client Debt that can be settled, that you will not be sued or that a judgment will not be entered against you.

L.      HLG's representation under this Agreement is only suitable for persons that are already in default under one or more credit agreements, or unable to honor their obligations under such agreements. HLG's representation of Client is an alternative to filing for bankruptcy. It is possible that it may be in Client's best interest, now or in the future, to pursue bankruptcy. This Agreement does not include HLG representation of Client in any bankruptcy proceeding.

M.      Erik M. Helbing and_____, who is Of Counsel to HLG are Client's legal counsel. Additional lawyers, paralegals and other HLG staff members may perform services on your behalf.

**8.      Text Messaging:** By electronically signing below, you authorize us, our assigns, successors or servicing agents to send SMS (text message) communications from us to you pertaining to your service sent to the phone numbers provided in connection with this service, including but not limited to payment information, account information, due dates, delinquent accounts, program updates, and other marketing messages.

**9.      Governing Law and Venue:** This Agreement is governed by the laws of the State of Pennsylvania. All disputes arising out of or related to this Agreement shall be resolved through arbitration, as provided below, exclusively in the county where you reside.

**10.     Entire Agreement.** This Agreement, along with all attachments, constitutes the entire fully integrated agreement between the parties, and it supersedes any and all prior written or oral agreements between HLG and Client. If any provision of this Agreement is held to be unenforceable, the remainder of this Agreement shall remain in full force and effect.

**11.     Arbitration of Dispute:** IN THE EVENT OF ANY CONTROVERSY, CLAIM OR DISPUTE BETWEEN THE PARTIES ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE BREACH, TERMINATION, ENFORCEMENT, INTERPRETATION OR VALIDITY THEREOF, INCLUDING BUT NOT LIMITED TO THE TERMINATION OR THE SCOPE OR APPLICABILITY OF THIS AGREEMENT TO ARBITRATE,WITH THE EXCEPTION OF FEE DISPUTES, SHALL BE DETERMINED BY ARBITRATION BY A SINGLE ARBITRATOR AND ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION ("AAA"). THIS ARBITRATION SHALL OCCUR AT A LOCATION DETERMINED BY THE AAA. EACH PARTY IS RESPONSIBLE FOR THEIR OWN ATTORNEY'S FEES UNLESS AWARDED AS THE PREVAILING PARTY UNDER APPLICABLE LAW.PRIOR TO INITIATING ANY ARBITRATION, CLIENT AND HLG AGREE TO ATTEND MEDIATION, WHICH SHALL LAST FOR A MINIMUM OF 2 HOURS. THE MEDIATOR SHALL BE AGREED TO BY THE PARTIES, AND MUST BE A CERTIFIED MEDIATOR.

PRIOR TO INITIATING ANY ARBITRATION, CLIENT AND HLG AGREE TO ATTEND MEDIATION, WHICH SHALL LAST FOR A MINIMUM OF 2 HOURS. THE MEDIATOR SHALL BE AGREED TO BY THE PARTIES, AND MUST BE A CERTIFIED MEDIATOR.

      **12.**    <u>**Waiver of Jury Trial.**</u> CLIENT AND HLG UNDERSTAND THAT BY VOLUNTARILY AGREEING TO BINDING ARBITRATION AS SET FORTH IN PARAGRAPH 11 ABOVE, BOTH GIVE UP THEIR RIGHT TO TRIAL BY JURY OF ANY CLAIM EACH MAY HAVE AGAINST THE OTHER.

      **13.**    <u>**Modifications or Amendments:**</u>  No amendment, change or modification of this Agreement shall be valid unless in writing and agreed to by all the Parties.

      14.    <u>**READ BEFORE SIGNING.**</u>YOUR SIGNATURE ON THIS AGREEMENT, AND YOUR INITIALS ON THIS AGREEMENT, MEAN THAT YOU HAVE READ AND UNDERSTAND ALL OF THIS AGREEMENT, AND THAT YOU AGREE TO BE BOUND BY THE AGREEMENT. IF ANY REPRESENTATIVE OF HLG HAS TOLD YOU ANYTHING INCONSISTENT WITH THIS AGREEMENT, DO NOT SIGN THIS AGREEMENT.  INSTEAD, CALL HLG AND ASK TO SPEAK WITH ERIK M. HELBING.

      **I AFFIRM THAT I HAVE READ, UNDERSTAND AND AGREE TO ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT.**

**CLIENT:** Print Name: Tiffany Pacheco _____

*Tiffany Pacheco*             6/10/2021
_____      _____
Client Signature                      Date

**CO-CLIENT**: Print Name: _____

_____      _____
Co-Client Signature                 Date

**HELBING LAW GROUP, LLC.**

_____      _____
Erik M. Helbing                     Date

_____      _____
                                        Date

**EXHIBIT A**

| CREDITOR | ACCOUNT # | AMOUNT OF DEBT |
|---|---|---|
| AMEX | 3499926316797013 | 3,326.00 |
| BK OF AMER | 4400663096114544 | 1,934.00 |
| DSNB MACYS | 6035340515551188 | 1,423.00 |
| GS BANK USA | 1100011128609876 | 2,904.00 |
| JPMCB CARD | 4266841669263418 | 3,613.00 |
| JPMCB CARD | 4266841669258376 | 3,638.83 |
| NORDSTM/TD | 4470431122689912 | 839.00 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Total Debt:** 17,677.83

# Helbing Law Group

12333 Sowden Rd, Ste. B, #79507
Houston, TX 77080-2059

06/10/2021

Account/Reference #

To Whom It May Concern:

I (we) have retained the services of Helbing Law Group to assist me in resolving my debt and have granted it this Limited Power of Attorney. You are hereby authorized to release to my attorney and agent, all financial records, confidential and otherwise and other data pertaining to my above-referenced account; review my account history with my attorney; and to discuss my account in all respects with my attorney.

Further, my agent(s), listed below, including but not limited to,   are authorized to negotiate all matters pertaining to my account; to make and receive offers of settlement; and to reach an accord and satisfaction of my debts. Please be further advised that I (we) grant to my Agent the full power, right, and authority, to do every act, deed, and thing necessary to be done, in order to carry out the above authorized acts, as if I was personally present and so acting.

The Limited Power of Attorney shall continue in full force and effect until such time as it is withdrawn in writing. A copy of this agreement is to be considered the same as an original for use by my creditors and I (we) authorize it being sent to my (our) creditors via fax or email.

Tiffany Pacheco
_____
Print Client Name

_Tiffany Pacheco_
_____
Client Signature

6/10/2021
_____
Date

*****7915
_____
Social Security Number

_____
Print Co-Client Name

_____
Client Signature

_____
Date

_____
Social Security Number